COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | |
|---|---|
| IN THE MATTER OF L.H.C., A JUVENILE. | No. 08-11-00320-CV<br><br>Appeal from the<br><br>65th Judicial District Court<br><br>of El Paso County, Texas<br><br>(TC# 09,01015) |

## MEMORANDUM OPINION

On May 27, 2010, Appellant, a juvenile, was adjudicated delinquent and placed on probation after stipulating to the offense of engaging in graffiti on a school wall and causing a loss of less than $20,000. TEX. PENAL CODE ANN. § 28.08(a), (b)(3), (d)(1) (West 2011). On October 6, 2011, after Appellant's probation was modified on multiple occasions and a second judgment of probation was filed and entered against Appellant, a disposition hearing was conducted after which the Juvenile Court Referee found that Appellant posed a risk to the safety and protection of the community, that no appropriate community-based intermediate sanction was available to address Appellant's needs and the community's safety, and that the gravity of the offense and Appellant's prior juvenile record required Appellant's confinement in a secure facility. *See* TEX. FAM. CODE ANN. § 54.04(f) (West Supp. 2012). The trial court then ordered Appellant committed to the Texas Youth Commission. *Id.* Appellant appeals the trial court's order committing him to the custody of TYC. We affirm.

Appellant's court-appointed counsel has filed a brief in which she has concluded that the appeal is wholly frivolous and without merit. The brief meets the requirements of *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493, *reh. denied*, 388 U.S. 924, 87 S.Ct. 2094,

18 L.Ed.2d 1377 (1967), by advancing a contention which counsel says may arguably support the appeal. *See High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978); *Currie v. State*, 516 S.W.2d 684 (Tex. Crim. App. 1974); *Jackson v. State*, 485 S.W.2d 553 (Tex.Crim.App. 1972); *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969); *see also In re D.A.S.*, 973 S.W.2d 296, 298 (Tex. 1998) (Texas Supreme Court held that the *Anders* procedure applies to juvenile appeals and noted that, although juvenile-delinquency proceedings are classified as civil, their nature is quasi-criminal). A copy of counsel's brief has been delivered to Appellant, and Appellant has been advised of his right to examine the appellate record and file a *pro se* brief. No *pro se* brief has been filed. The State has filed a brief. Having filed an *Anders* brief with the Court and having notified Appellant of his right to pursue a *pro se* appeal, Appellant's counsel has filed a motion to withdraw as counsel.

We have carefully reviewed the record which consists of detailed facts and evidence supporting the trial court's decision. We have also carefully reviewed counsel's brief and agree with Appellant's counsel that the appeal is wholly frivolous and without merit. A discussion of the contentions advanced in counsel's brief would add nothing to the jurisprudence of the state. Further, we find nothing in the record that might arguably support the appeal.

The trial court's order is affirmed.


GUADALUPE RIVERA, Justice

November 7, 2012

Before McClure, C.J., Rivera, J., and Antcliff, J.

2